```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/21
```

Todd Bigelow,

          Plaintiff,

–v–

Jerrick Ventures, LLC,

          Defendant.

20-cv-1412 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On September 3, 2020, Plaintiff Todd Bigelow filed a motion for default judgment. *See* Dkt. No. 13. For the following reasons, the Court GRANTS Plaintiff's motion.

**I.    BACKGROUND**

On February 18, 2020, Plaintiff filed a Complaint against Defendant Jerrick Ventures, LLC, alleging copyright infringement in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501. *See* Dkt. No. 1 ("Compl.") ¶¶ 7–19. According to the Complaint, Defendant owns and operates the website vocal.media. *Id.* ¶ 6. Plaintiff contends that vocal.media ran an article that featured a copyrighted photograph of Neo-Nazis, owned and registered by Bigelow, a professional photographer. *Id.* ¶ 11. While the Complaint does not allege when the article was published, it incorporates the article by reference, and the online article shows that it was originally published around three years ago. *Id.*; *see also* Ben Kharakh, *Why We Need Holocaust Education Now More than Ever in America*, https://vocal.media/education/why-we-need-holocaust-education-now-more-than-ever-in-america (last visited June 24, 2021); Dkt. No. 14, Ex. E. And Plaintiff also alleges that the

1

photograph was never licensed to Jerrick Ventures and that Jerrick Ventures lacks authority to reproduce, display, distribute, or use the photograph. *Id.* ¶ 14.

Defendant was served on February 20, 2020. Dkt. No. 7. Defendant did not appear or respond to the Complaint, and on August 25, 2020, Plaintiff requested the entry of a default against Defendant. Dkt. No. 10–11. A certificate of default was entered by the Clerk of Court the next day. Dkt. No. 12. On September 3, 2020, Plaintiff moved for default judgment against Defendant. Dkt. No. 13. Plaintiff served the motion for default judgment on Defendant and filed proof of that service on the public docket. Dkt. No. 17.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Liability

On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action. *See Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18-cv-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

To establish a violation of the Copyright Act, 17 U.S.C. § 501, a plaintiff must demonstrate his ownership of a valid copyright and defendant's infringement—that is, copying of original elements of the copyrighted work. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010); *Malibu Media, LLC v. Doe*, No. 15-cv-2624 (ER), 2015 WL 6116620, at *3 (S.D.N.Y. Oct. 16, 2015). Both requirements are satisfied here. Plaintiff's Complaint alleges that he owns a valid copyright in the photograph under Copyright Registration Number VA 1-985-132. *See* Compl. ¶¶ 8–10; *see also Papazian v. Sony Music Entm't*, No. 16-cv-07911 (RJS), 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017) ("The Court is entitled to take judicial notice of copyright registrations as published in the Copyright Office's registry."). And the Complaint alleges that Defendant infringed on Plaintiff's copyright by reproducing and publicly displaying the photograph on its website. Compl. ¶¶ 11–12. The Court thus finds that Plaintiff has established a *prima facie* case for recovery with respect to his Copyright Act Claim.

**B. Damages**

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine*

*Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-cv-6620, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).[1]

Plaintiff has elected to recover statutory damages here, which the Court determines he is eligible to recover.[2] Under the Copyright Act, a plaintiff who elects statutory damages is entitled

---

[1] The Court concludes that no hearing is necessary here, "[p]articularly since plaintiff seeks statutory damages." *Seelie v. Original Media Grp. LLC*, No. 19-cv-5643 (BMC), 2020 WL 136659, at *1 (E.D.N.Y. Jan. 13, 2020).
[2] The Copyright Act provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for–(l) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Plaintiff's registration, which the Court takes judicial notice of, indicates that the photograph at issue was first published in 2011, and the registration became effective in 2016. *See* https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=30&ti=26,30&Search%5FArg=Bigelow%20Todd&Search%5FCode=NALL&CNT=25&PID=g7NhUiWC8I9bhBC1-M7DwgWCch68juZ&SEQ=20210624145521&SID=15. As already noted, the Complaint incorporates the article by reference and the article reflects that it was originally published in 2018.

to an award of between $750 and $30,000 per work infringed, "as the court considers just." 17 U.S.C. § 504 (c)(1). Where the infringement is "willful," the maximum permissible award per infringed work rises to $150,000. *Id*. § 504 (c)(2). The Copyright Act affords the trial court "wide discretion" in setting the amount of statutory damages. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986). "Case law reflects a wide range of awards where there have been infringing uses of photographs." *Burch v. Nyarko*, No. 06-cv-7022 (LAP) (GWG), 2007 WL 2191615, at *3 (S.D.N.Y. July 31, 2007) (collecting cases).

> In calculating the appropriate statutory damages award, courts in this Circuit consider:
>
> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010) (citation omitted). Here, Plaintiff seeks a statutory award of $5,000. Dkt. No. 15 ¶ 19. On similar facts, this Court has awarded statutory damages in the amount of $5,000 for the single unauthorized use of a copyrighted photograph. *Bass v. Diversity Inc. Media*, No. 19-cv-2261 (AJN), 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020). Having considered these factors, the Court again concludes that a statutory award of $5,000 is appropriate.

The first factor weighs in favor of the requested award because it is established that Defendant willfully infringed Plaintiff's copyright. Compl. ¶¶ 11-12, 16. Indeed, "[c]opyright infringement is deemed willful by virtue of a defendant's default." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015).

With respect to the second factor, Plaintiff has not alleged anything regarding Defendant's profits as a result of the use of the photograph. With respect to the third factor—

revenue lost by Plaintiff—the Court notes that Plaintiff's refusal to submit evidence of his actual losses in the form a licensing fee history has "limited [the Court's] ability to analyze [this factor] to determine the appropriate award," *Seelie v. Original Media Grp. LLC*, No. 19-cv-5643 (BMC), 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020). While Plaintiff is not required to submit evidence regarding lost revenue in order to obtain statutory damages, the Court may consider "the seeming absence of tangible harm" in calculating the appropriate amount. *See Bass v. Diversity Inc. Media*, No. 19-CV-2261 (AJN), 2020 WL 2765093, at *4 (S.D.N.Y. May 28, 2020) (quoting *Mantel v. Smash.com Inc.*, No. 19-cv-6113-FPG, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019)). This is not the first time that Plaintiff's counsel has opted not to submit such evidence, however, and as in those cases the Court concludes that this factor supports a $5,000 award of statutory damages. *Bass*, 2020 WL 2765093, at *4; *Seelie*, 2020 WL 136659, at *4.

The fourth factor also weighs in favor of the request award. Deterrence is an important objective of this statutory scheme. *Bass*, 2020 WL 2765093, at *4. This Court has previously noted that there is a deterrent value in assessing statutory damages against defendants who are in the publishing industry, because such defendants are in a position to repeat the unauthorized reproduction of copyrighted material. *Id.* (citing *Van Der Zee v. Greenidge*, No. 03-cv-8659 (RLE), 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006)). To be sure, there are no allegations that the Defendant is a serial copyright infringer or that it continues to infringe copyrights despite being put on notice. Indeed, Plaintiff makes no allegations at all regarding whether and how he notified Defendant of the infringement prior to filing this suit. Nonetheless, because it is established that Defendant violated Plaintiff's copyright, the Court concludes that a $5,000

award is sufficient, but no greater than necessary, to ensure sufficient specific and general deterrence. *See Bass*, 2020 WL 2765093, at *4.

The fifth factor is irrelevant where, as here, Defendant has defaulted. And finally, for purposes of the sixth factor—Plaintiff's conduct—the Court concludes that an award of greater than $5,000 would not be warranted in light of the "dearth of information that [P]laintiff has provided" for purposes of resolving this motion. *Seelie*, 2020 WL 136659, at *5. Yet again, though, given the modesty of Plaintiff's request the sixth factor does not weigh against the requested award.

In light of the foregoing, the Court concludes that an award of $5,000 is appropriate and within the range typically awarded in this district in order to compensate Plaintiff and punish the Defendant for the unauthorized use of the photograph. *See Bass*, 2020 WL 2765093, at *4 (awarding $5,000 in statutory damages for the unauthorized use of a single photograph); *see also Philpot v. Music Times LLC*, No. 16-cv-1277 (DLC), 2017 WL 1906902, at *1 (S.D.N.Y. May 9, 2017) (finding statutory damages award of $5,000 sufficient to compensate plaintiff and punish defendant for its unauthorized use of two photographs where plaintiff offered no evidence regarding actual damages or market value of photographs).

**C. Attorney's Fees**

The Copyright Act expressly permits an award of reasonable attorney's fees. 17 U.S.C. § 505. Here, awarding fees and costs to Plaintiff is appropriate. *See Kepner–Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999) (affirming award of attorney's fees and costs where there was willful infringement). Plaintiff seeks attorney's fees of $722.50. Dkt. No. 14 ¶ 21. Plaintiff's counsel states that this amount is the equivalent of 1.7 hours of billable work multiplied by $425 an hour. *Id.* ¶ 23.

7

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983)). The hourly rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). "In determining what a reasonable hourly rate is, the court should not only consider the rates approved in other cases in the District, but should also consider any evidence offered by the parties. The Court is also free to rely on its own familiarity with prevailing rates in the District." *Noble v. Crazetees.com*, No. 13-cv-5086 (PAE) (HBP), 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015) (citations omitted). The "fee applicant has the burden of showing by satisfactory evidence—in addition to the attorney's own affidavits—that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (quotation omitted).

As an initial matter, the Court is aware of the Order dated November 25, 2020, entitled *In the Matter of Richard Liebowitz*, No. M-2-238, in which the Committee on Grievances for the Southern District of New York suspended Richard Liebowitz from the practice of law in this Court pending the outcome of disciplinary proceedings. The filings in this case all preceded Liebowitz's suspension. Like other courts in this district, the Court determines that Liebowitz's suspension does not bar an award for attorney's fees for Liebowitz's services prior to his suspension. *See, e.g.*, *Adlife Mktg. & Commc'ns Co., Inc. v. June Media Inc.*, No. 19-CV-3732 (PKC), 2021 WL 1088277, at *2 (S.D.N.Y. Mar. 22, 2021); *McDermott v. NYFireStore.com, Inc.*, No. 18-CV-10853 (AJN) (SLC), 2021 WL 952455, at *4 (S.D.N.Y. Jan. 15, 2021), *report*

*and recommendation adopted*, No. 18-CV-10853 (AJN), 2021 WL 950507 (S.D.N.Y. Mar. 12, 2021); *Farrington v. Sell It Social, LLC*, No. 18 Civ. 11696 (JPC), 2020 WL 7629453, at \*4 & n.1 (S.D.N.Y. Dec. 21, 2020).

Turning to Plaintiff's request for attorney's fees, this Court has previously determined that Liebowitz's hourly rate of $425 is reasonable. *Bass*, 2020 WL 2765093, at \*4. Liebowitz is managing partner of Liebowitz Law Firm, PLLC, and a review of cases in this district and in the Eastern District of New York suggests that courts have approved associate rates of $350, and up to $500 for partners in copyright cases. *See Romanowicz v. Alister & Paine, Inc.*, No. 17-CV-8937 (PAE) (KHP), 2018 WL 4762980, at \*7 (S.D.N.Y. Aug. 3, 2018*), report and recommendation adopted sub nom.* 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018) (collecting cases). The Court again determines that the $425 per hour rate is reasonable, and it will accordingly award attorney's fees at a rate of $425 an hour for Plaintiff's counsel. The Court also concludes that the 1.7 hours of time Plaintiff's counsel billed is a reasonable amount of time spent bringing this case. The Court therefore approves counsel's hourly rate of $425 per hour for seven hours for a total attorney's fees award of $722.50.

Finally, Plaintiff also seeks costs of $440. Dkt. No. 14 at ¶¶ 21, 23. Section 505 allows the prevailing party to recover its "full costs" incurred in protection of its copyright. 17 U.S.C. § 505. Plaintiff seeks costs for the court filing fee and the service fee. Dkt. No. 14 at ¶¶ 21, 23. Such costs are reasonable. *See Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813, at \*13 (S.D.N.Y. Dec. 12, 2013) (Where "there is no doubt that there were legitimate expenses in th[e] case, the Court [may] exercise its discretion [and award costs].") (internal quotation marks and citation omitted) (alteration in original). Plaintiff is therefore awarded $440 in costs.

**III.  CONCLUSION**

Accordingly, Plaintiff's motion for default judgment is GRANTED.  Judgment is entered against Defendant in the amount of $5,000 for the Copyright Act infringement, and the Court also awards $722.50 in attorney's fees and $440 in costs.

The Clerk of Court is respectfully directed to enter judgment and close this case.  This resolves Dkt. No. 13.

SO ORDERED.

Dated: July 2, 2021
       New York, New York

                                          ALISON J. NATHAN
                                          United States District Judge